Mr. Chief Justice Cartter
delivered the opinion of the court.
The great difficulty here is over the rights of the parties with reference to note No. 1. It is claimed by Burr’s admin-istratrix that she is entitled to a satisfaction of the note out of the fund. On the other hand, it is contended by Carter that the note is satisfied and extinguished. And the issue here is whether it is a satisfied cancelled instrument, or one remaining to perform the office of commercial paper. Was it paid? The maker ©f the note never paid it. He could not pay it. He had been requested by Carter to do so and he told Carter he could not. Carter, however, was paid and he was paid out of Burr’s and Terry’s money. Now, was this a payment in satisfaction of the note? Our judgment *20 in this matter is ruled largely by the case in 93 II. S., which contemplates the disposition of a piece of paper of this kind according to the intention of the parties. It either survives with their intention or it dies with their intention. If a note is paid with reference to its satisfaction and extinction in the purpose of the parties, the law gives it that effect, and the assent of the maker of the note as well as that of the payee is necessary.
Now, Daniels never contemplated paying this note at that time, for he had entered into a stipulation with Terry to continue its existence. .Terry also says that he did not contemplate it; that the note was passed to'hie possession under an arrangement, between him and Daniels, to carry it to a postponed period, and to make use of it with its underlying security to enable him to negotiate a loan upon it as he did; and in this way it was transferred to Burr.
Mr. Carter says he understood it otherwise; that it was in satisfaction of the note that the payment was received. Now, we think, the weight of the testimony is decidedly the other way. We think that the delinquency of Daniels; the knowledge of that fact by Carter; the past due condition of the note; the history of the paper itself in the mode of negotiating this loan; all indicate anything but a transaction for the payment and destruction of the note. We think fhat it remained as a living piece of paper for commercial purposes; to negotiate just such a loan as was made upon it, and that this was with the implied^onsent of Mr. Carter. We do not think, therefore, that he ought to be permitted to assert as against it any exclusive control of the fund. He has received the money on this note. That money was advanced on the faith of the security underlying it and that it carried with it, and we fail to see why he should be preferred to a party who has thus advanced money upon it. The conclusion we have come to is that this fund should go to the payment of these notes pro rata.